UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Michelle Fite,

        Plaintiff

v.

Doe Defendants 1-20, et al.,

        Defendants

Case No. 2:25-cv-02337-CDS-EJY

Screening Order

    Plaintiff Michelle Fite, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a counseled civil rights complaint pursuant to 42 U.S.C. § 1983, and has paid the full filing fee for a civil action. ECF No. 1-1. I now screen her civil rights complaint under 28 U.S.C. § 1915A.

I.    Screening standard

    Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

II.     Screening of complaint

In her counseled complaint, Fite sues Doe NDOC defendants in their individual and official capacities for events that took place while she was incarcerated at Florence McClure Women's Correctional Center ("FMWCC"). ECF No. 1 at 1–2. Fite brings one claim for Eighth Amendment deliberate indifference to serious medical needs and seeks monetary and injunctive relief. *Id.* at 4, 6–7.

The complaint alleges the following. Doe NDOC officials ignored her medical needs for over 22 months causing her diagnosed prolapsed uterus to progress to a full pelvic organ prolapse of her uterus, bladder, rectum, and total obliteration of her perineal body. *Id.* at 3–4. Specialists consistently recommended urgent surgical repairs. *Id.* at 3. Fite had at least three surgery appointments scheduled, but all were cancelled because Doe NDOC officials failed to ensure proper paperwork, transport, or administrative clearance were in place. *Id.* Fite now suffers from irreversible damage to her pelvic muscles, nerves, and connective tissue. *Id.* at 4.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

I find that Fite states a colorable claim for deliberate indifference to serious medical needs on screening. Based on the allegations, Doe NDOC officials denied, delayed, or intentionally interfered with her medical treatment resulting in three cancelled surgeries. Fite now alleges that she suffers from irreversible damage to her pelvic muscles, nerves, and connective tissues and will

have lifelong pelvic limitations, pain, and incontinence. This claim will proceed against Doe NDOC officials when Fite learns their identities.

### III. Conclusion

I therefore order that the complaint (ECF No. 1) is the operative complaint and that Fite's Eighth Amendment deliberate indifference to serious medial needs claim will proceed against Doe NDOC officials when she learns their identities.

I order that this case will <u>not</u> be referred to the Inmate Early Mediation Program. However, the parties are encouraged to engage in settlement discussions on their own.

I order that this case will proceed onto the normal litigation track under the Federal Rules of Civil Procedure.

Dated: December 15, 2025

_____
Cristina D. Silva
United States District Judge