UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHELLE FITE,

Plaintiff,

v.

KENNETH WILLIAMS, *et. al*.,

Defendants.

Case No. 2:25-cv-02337-CDS-EJY

**ORDER**

"District courts enjoy broad authority to manage their dockets and control discovery." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). A review of the docket shows there is neither a stay of discovery nor a discovery plan and scheduling order in place. There is, however, a Motion for Summary Judgment pending before the assigned District Judge. ECF No. 34. In response to that Motion, Plaintiff filed, *inter alia*, a request to engage in discovery under Fed. R. Civ. P. 56(d). ECF No. 38 at 13-15. Plaintiff identifies with enough specificity what she is seeking. *Id*. at 14-15. Defendants did not file a reply in support of summary judgment and, therefore, there is no opposition to the request for Rule 56(d) discovery before the Court.

The Court grants Plaintiff discovery for the limited items raised in her response to the Motion for Summary Judgment. Plaintiff may obtain documents including all records relating to her grievance—whether stored electronically or in paper format. This includes the processing of her grievances from start to finish. To the extent Defendants withhold any responsive documents based on privilege or safety concerns, the documents must be identified on a privilege log compliant with the well established law regarding what information must be included on such a log. Plaintiff is also entitled to records of communications with (submissions to and responses from) the law library, as well as copies of "AR 740 and O.P. 740" in effect at the time of the allegations raised in the Complaint. The parties must cooperate for purposes of producing documents without undue delay.

Regarding oral discovery, Plaintiff seeks the deposition of a grievance counselor regarding "the processing timeline" and any practical method for compliance with the reconstructive requirement before filing of a complaint. Whether these subject matters need fleshing out is something the parties must discuss; however, Defendants must be prepared to identify the person or persons most knowledgeable on the subject matters on which the deposition will proceed within the broad parameters identified at the beginning of this paragraph.

Accordingly, IT IS HEREBY ORDERED that discovery under Rule 56 of the Federal Rules of Civil Procedure may proceed as discussed in this Order.

IT IS FURTHER ORDERED that Defendants must produce records consistent with this Order **no later than October 30, 2026**.

IT IS FURTHER ORDERED that Plaintiff may take the deposition of a grievance counselor addressing the broad topics of the processing timeline and any practical methods for compliance with the reconstructive requirements Plaintiff could have undertaken with before filing a complaint. The deposition must occur **no later than November 20, 2026.**

IT IS FURTHER ORDERED that Defendants' may supplement their Motion for Summary Judgment (ECF No. 34) no later than **December 7, 2026**.

IT IS FURTHER ORDERED that if Defendants file a supplement to their Motion for Summary Judgment, Plaintiff's supplemental response is due 21 days thereafter. If Defendants do not file a supplement to their Motion for Summary Judgment, Plaintiff may still file a supplement to her currently pending response no later than **December 28, 2026**. Defendants' reply in support of summary judgment is due 14 days after Plaintiff's supplemental response is filed with the Court.

IT IS FURTHER ORDERED that if a reasonable extensions of the timelines established above is needed, the parties must file a stipulation with the Court of the same.

Dated this 7th day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE